THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CHARLES J. SCHROEDER, PLAINTIFF IN ERROR.

Argued May 7, 1940—Decided May 15, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the defendant in error, *William A. Wachenfeld,* prosecutor of the pleas; *Joseph E. Conlon,* first assistant prosecutor.

For the plaintiff in error, *James L. McKenna.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff in error, convicted of lewdness in the Essex County Quarter Sessions, seeks a reversal of that judgment in this court on the ground that the trial court erred in receiving certain evidence and in several details of the charge to the jury.

The substance of the first assignment is that the court erred in receiving the testimony of Eva M., who is the mother of the nine-and-a-half-year-old complaining witness. The error, it is argued, consisted in permitting this witness to testify on the trial of this indictment to the detailed story of the defendant's conduct as it was related to her by the child at the time immediately after the happening. Assuming that the testimony was of a character not tolerated by our evidence rule concerning hearsay, nonetheless the plaintiff in error obtains no advantage because of that fact. The plaintiff in error offered no objection to the testimony about which he now complains. This being so, it is evident that there is no judicial action to review.

While it is true that under our act concerning Criminal Procedure (section 136, *R. S.* 2:195-16), a judgment may be reversed because evidence has been accepted or rejected "whether objection was made thereto or not," it is also true that there has not been a reception or rejection of evidence in the statutory sense unless the evidence in question has been admitted or rejected under judicial ruling. *State* v. *Warady,* 77 *N. J. L.* 348; *affirmed,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Lockman,* 83 *Id.* 168. Here there was no "admission" of the testimony in the sense of the statute, *supra,* because in the absence of objection by plaintiff in error the court did not rule on the matter nor was it asked to do so.

It is next said that the court erred in charging the jury in this—that in adverting to the facts revealed by the witnesses for the state reference was made by the court to the testimony of the mother without instruction to the jury as to how it was to "consider the testimony of the conversation between mother and daughter of the detail," &c., and that the charge "in no sense limited" the jury's consideration of this testimony. This point needs but little discussion. It has no substance.

The court merely recited to the jury that the child had told the mother "in substance and effect what had happened to her" and that the mother forthwith enlisted the services of the police. No detail of the mother's testimony concerning what the little girl had told her was mentioned by the court in the charge to the jury. No exception to the court's charge in this particular was taken and no request was submitted to the learned trial judge asking that the testimony of this or any other witness be delimited in the jury's consideration in any way.

It is next said that the court did not sufficiently instruct the jury as to the nature of the crime. The failure to charge a proposition, even though applicable to the facts in the case, cannot be made the basis of an assignment of error in the absence of a specific request so to charge. *State* v. *Barrone*, 96 *N. J. L.* 141, 147; *State* v. *Larsen*, 105 *Id.* 266; *State* v. *Capawanna*, 118 *Id.* 429. In fact there is no duty upon the trial court in a criminal case to charge the jury at all unless there is a request to do so. *State* v. *Capawanna, supra,* and cases therein cited.

It is next said that the verdict was against the weight of the evidence. It serves no purpose whatever to detail the evidence. The issue was one of credibility. The jury believed the testimony of the witnesses produced by the state in support of the charge. Their determination was entirely reasonable. Obviously the jury did not believe the defendant's version of the incidents upon which the indictment was founded and our reading of it left us with the impression that it was materially lacking in persuasiveness.

The judgment of conviction will be affirmed.